UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-22891-MC-KING/TURNOFF

MILLIKEN & COMPANY, a Delaware
corporation,

       Plaintiff,

v.

HAIMA GROUP CORPORATION, and
WEIHAI NO.1 CARPET FACTORY

       Defendants,

v.

CARNIVAL CORPORATION, and
PRINCESS CRUISE LINES, LTD.,

       Garnishees
_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon an Order of Recusal entered by United States Magistrate Judge Ted E. Bandstra on March 3, 2009 **[D.E. 57]**, and Third-Party Weihai Haima Dahua Carpet Co's (hereinafter "Dahua") Motion for Summary Judgment. **[D.E. 54]**. A hearing on this Motion took place on May 29, 2009.

Upon review of the Motion **[D.E. 54]**, the Response **[D.E. 68]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undesigned makes the following findings.

### I. Background

This action stems from litigation between Milliken & Company (hereinafter "Milliken"),

Haima Group Corporation (hereinafter "Haima"), and Weihai No.1 Carpet Factory (hereinafter "Weihai") in the District of Nevada. (Case No. CV- JS-02-1376-JCM- RJJ). In that case, Milliken sued Weihai and Haima alleging, *inter alia*, copyright infringement. Milliken obtained a permanent injunction and Final Judgment against Weihai and Haima, in the amount of $4,050,000.00[1] on July 31, 2003. **[D.E. 1]**.

Milliken registered said judgment in this district on October 17, 2008. Id. For present purposes, it is assumed that Milliken conducted due diligence and learned that both Princess Cruise Lines and Carnival Corporation "ha[d] tangible or intangible property of Defendant in [their] hands," specifically, rolls of carpet that they had purchased from Dahua. See **[D.E 6, 8, 17]**. Milliken promptly moved for post judgment Writs of Garnishment against both Princess and Carnival on October 21, 2008. **[D.E. 6, 8]**. The Writs were issued that same day. **[D.E. 7, 9]**. A Writ of Execution was issued (and served on Cruise Logistics, USA) on November 18, 2008 "to seize approximately 200 roles of carpet owned by Defendants [i.e. Weihai and Haima]." **[D.E. 17]**. Same was returned as executed. **[D.E. 18, 19]**. Dahua entered the suit for the purpose of obtaining a declaration as to the contested personal property and filed an Emergency Motion to Dissolve the Writs of Garnishment. **[D.E. 26]**. That Motion was ultimately denied by Judge James Lawrence King. **[D.E. 35]**.

## II. Summary of the Arguments

In its summary judgment motion, Dahua makes the following three arguments: (1) Dahua is

---

[1] In addition to the amount of $4,050,000.00, the Judgment required Defendants to pay $15,864.25 in fees and $11,944.07 in costs.

a separate entity from the Judgment Debtors, (2) Fla. Stat. § 95.11(2)(a)'s five (5) year statute of limitation bars this action, and (3) Fla. Stat. § 77.07(2) and Fla. Stat. § 77.16(1) prohibit the garnishment of personal property or monies owed to Dahua by the Garnishees. **[D.E. 54]**. Each argument shall be addressed below.

First, Dahua argues that it is a separate and distinct legal entity and not party to the underlying judgment. In support of its motion, Dahua submits the affidavit of its general manager Jaime Zhang. In his affidavit, Mr. Zhang avers that Dahua is a foreign investment joint venture whose shareholders are Weihai Haima (65%) and Taiga Trading (35%). **[D.E. 54, Ex. Zhang Decl. at 1]**. Dahua also claims that it did not come into existence until August 23, 2005, more than two years after the underlying judgment was entered, and did not begin transacting with Princess and Carnival until May 2007 and September 2007 respectively. See Def.'s Sum. J. Mot. **[D.E. 54]**. Plaintiff's Chinese law expert, Xiaolin Zhou, does not contradict Zhang's statements. **[D.E. 54]**.

Second, Dahua argues that the Writ of Garnishment is time barred pursuant to Fla. Stat. §95.11(2)(a), which prescribes a five (5) year statute of limitations period as to "an action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country." Here, Milliken registered its Judgment on October 17, 2008, more than five years after the entry of the underlying judgment, which was entered on July 31, 2003. **[D.E. 54]**.

Third, Dahua argues that, based on Florida law, the writs of garnishment cannot apply to any debts owed by the Garnishees to Dahua. See Fla. Stat. §§ 77.07(2), 77.16(1). Specifically, Fla. Stat. § 77.07(2) provides: "[if] any allegation in plaintiff's motion is not proven to be true, the

garnishment shall be dissolved." Dahua argues that since it was not part of the original judgment, and both Garnishees state that they owe money only to Dahua and not the Judgment Debtors, the writs of garnishment should be dissolved. **[D.E. 54]**. Dahua also cites to Fla. Stat. § 77.16(1), which provides that if "any person other than defendant claims that the debt due by a garnishee is due to that person not to the defendant, or that the property in the hands or possession of any garnishee is that person's property and shall make an affidavit to the effect, the court shall impanel a jury to determine the right of property between the claimant and plaintiff unless [a] jury is waived." Here again, Dahua and the Garnishees both suggest that all monies owed are owed to Dahua and not the Judgement Debtors. Id. Despite the fact that Fla. Stat. § 77.16(1) suggests that a jury trial is required, Dahua and the Garnishees argue that since "Florida Garnishment statutes are still subject to all applicable Federal Rules of Civil Procedure (including Rule 56)," when there are no genuine issues of material fact, summary judgment is appropriate. **[D.E. 54]**; see e.g. Tortuga Marine Salvage Co. v. Hartford Accident and Indemnity Co., 171 So. 2d 54 (Fla. 3 DCA 1965)(finding that Fla. Stat. §77.16 "does not vitiate all other rules applicable to the determination of claims and if the facts of a particular case warrant, summary ruling, on the question of title to the garnished property, is appropriate").

Milliken, on the other hand, argues that: (1) the five (5) year statute of limitations does not apply and (2) Dahua is, in fact, the alter-ego of the Judgment Debtors and is therefore liable to the same extent for the satisfaction of the July 2003 final judgment. **[D.E. 68]**.

Milliken specifically argues that once the Judgment was registered in this district, it became

"a decision of this court" under 28 U.S.C. § 1963.[2] As a decision of this Court, Milliken contends that the matter is subject to Fla. Stat. § 95.11(1) which provides a twenty (20) year statute of limitation. Since the underlying Judgment was entered in July of 2003, in Milliken's view, this action is well within the statute of limitations. **[D.E. 68]**.

Milliken also argues that Dahua is the alter-ego of the Judgment Debtors, and is therefore liable to the same extent in satisfaction of the judgment. **[D.E. 68]**. Milliken cites to evidence that Dahua and Weihai Haima share: (1) employees, (2) a business location and address, (3) an internet domain name, (4) e-mail addresses and (5) facsimile numbers. See Dahua and Weihai Haima corporate records **[D.E. 67, Ex. J]**. In fact, Milliken suggests that Carnival Cruise lines viewed Weihai Haima and Dahua as interchangeable legal entities until the Spring of 2008. **[D.E. 67]**. In this regard, Milliken claims that, in the Spring of 2008, Weihai Haima contacted Carnival and requested that all records regarding their business transactions be changed to reflect the company name "Dahua." Id.; See also (Sampiero Dep., Ex. G 48-49). At deposition, Mr. Sampiero, Carnival's 30(b)(6) corporate representative, testified that when he received an invoice with the "name change/ merge" box selected, his "understanding was that the company was changing its name [from Weihai Haima Carpet Co. to Weihai Haima Dahua]." (Sampiero Dep. Ex. G 49). This evidence, claims Milliken, satisfies the pre-conditions for piercing the corporate veil laid out in In Re Aqua Clear Techs., Inc., 361 B.R. 567 (S.D. Fla. Bankr. 2007)(finding that "to disregard the corporate entity form and find that one entity is the alter ego of another, three elements must be established under

---

[2] The statute provides in pertinent part that a registered judgment becomes "a judgment of this Court,... and [is] therefore entitled to the same treatment of any judgment of this Court."

Florida law: a. domination and control of the corporation to such an extent that it has no independent existence; b. that the corporate form was used fraudulently or for an improper purpose; and c. that the fraudulent or improper use of the form proximately caused the creditor's injury."). **[D.E. 67, 68]**.

### III. Standard of Review: Motion for Summary Judgment

Under Rule 56 ( c) of the Federal Rules of Civil Procedure, summary judgment should be granted when the pleadings and supporting materials, viewed in a light most favorable to the non-moving party, show that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 ( c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Preclusion of the entry of summary judgment is limited "only [to] disputes over facts that might affect the outcome of the suit under the governing law." See id. In reviewing a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 252; Bishop v. Birmingham Police Dep't., 361 F.3d 607, 609 (11th Cir. 2004).

Rule 56(c) places the initial burden on the moving party to demonstrate the absence of any genuine issue of material fact. Allen v. Tyson Foods, Inc., 121 F. 3d 642, 646 (11th Cir. 1997). If the initial burden is satisfied, the burden is then shifted to the non-moving party to point to "specific facts showing that there is a genuine issue for trial." Celotex v. Catrett, 477 U.S. 317, 324 (1986). Only when the specific facts cited are such that a reasonable fact finder could find for the non-moving party is the factual dispute considered genuine. Anderson, 477 U.S. at 248; Denny v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001).

It is the reviewing court's responsibility, when determining whether the movant has met its burden, to consider all evidence in the light most favorable to the non-moving party and to resolve all reasonable doubts in favor of the non-moving party. Denney, 247 F.3d at 1181.

### IV. Relevant Statutes

28 U.S.C. § 1963 (1996). Registration of Judgments for Enforcement in Other Districts. provides in pertinent part:

> A judgment in an action for the recovery of money or property entered in any... district court...may be registered by filing a certified copy of the judgment in any other district...when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner...

28 U.S.C. § 1963.

Rule 69(a) of the Federal Rules of Civil Procedure governs enforcement of judgments for the payment of money, and provides in pertinent part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with **the procedure of the state where the court is located**, but a federal statute governs to the extent it applies.

Fed.R.Civ.P. 69. (emphasis added).

Following Rule 69(a), we turn to "procedures" of the state of Florida, which provide in relevant part:

95.11 Limitations other than for the recovery of real property

Actions other than for recovery of real property shall be commenced as follows:

(1)     Within twenty years. – An action on a judgment or decree of a court of

>    record in this state.
>
> (2) Within five years.–
>    (a) An action on a judgment or decree of any court, not of record, of this state, or any court of the United States, any other state or territory in the United States, or a foreign country.

Fla. Stat. § 95.11 (1)-(2).

## V. Analysis

### a. Statute of Limitations

Upon review of the pleadings and the applicable law, this Court finds that Plaintiff's action is not time barred by Fla. Stat. § 95.11(2)(a).

The parties concede, and the undersigned agrees, that the state of the law regarding the applicable statute of limitations for enforcement of foreign judgments is unsettled. Indeed, the question of whether Fla. Stat. § 95.11(2)(a) bars registration of a judgment and issuance of a writ of execution was certified to the Florida Supreme Court at least three (3) times, but each time the question went unanswered due to a settlement by the parties and the subsequent vacating of the respective orders. See Leasco Response Inc. v. Wright, 99 F.3d 381 (11th Cir. 1996); Burshan v. Nat'l Union Fire Ins. Co. of Pittsburg Pa., 805 So.2d 835 (Fla. 4th DCA 2001); Buse v. Kuechenberg, 325 F.3d 1249 (11th Cir. 2003). That being the case, we turn to the handful of Florida and federal cases that have spoken on this issue.

In Balfour Beatty Bahamas, Ltd. v. Bush, 170 F. 3d 1048 (11th Cir. 1999), the Eleventh Circuit addressed the issue of whether the plaintiff's attempt to enforce a judgment (previously

obtained in the same district) in the Southern District of Florida was an "action on a judgment,"[3] and thus, subject to Fla. Stat. § 95.11. The Balfour court held that Fla. Stat. § 95.11(2)(a) applied, and barred plaintiff's post-judgment efforts to collect on the previous federal judgment because it was more than five (5) years old. Id. The court's decision relied in large part on a previous state appellate court decision, Kiesel v. Graham, 388 So. 2d 594 (Fla. 1st DCA 1980).

The Kiesel court interpreted the phrase "of any court of the United States" of Fla. Stat. §95.11(2)(a), as the exception to the more general scope of Fla. Stat. § 95.11(1), which reads: "of a court of record in this state." Additionally, Kiesel applied (and the Balfour court relied on) the principle of statutory interpretation; which dictates that the latter portions of a statute, if in conflict with earlier portions, shall control. In interpreting Fla. Stat. § 95.11, the Kiesel (state) and Balfour (federal) courts found that Fla. Stat. § 95.11(2)(a) controls post-judgment collection proceedings. It is important to note, however, that the holding in Balfour was expressly limited to the facts of that case, which involved a "post-judgment discovery request," six years after the initial default judgment was entered. See Balfour, 170 F.3d at 1051 (holding that "under such [unique] circumstances, the five (5) year statute of limitations controls").

---

[3]There have been various interpretations of the phrase "action on a judgment." Earlier versions of the statute used the phrase "action *upon* a judgment." See Van Deren v. Lory, 100 So. 794 (1924). In Burshan, the court found that, although the wording had changed, nothing "indicate[d] a legislative intent to change the meaning." It found that "federal courts have interpreted the words too broadly" and that Kiesel changed the term's interpretation "as an afterthought." The Burshan court found that "the main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause." See Adams v. Adams, 691 So.2d 10 (Fla. 4th DCA 1997). In B.A. Lott and Young, the Florida Supreme Court distinguished between proceedings to enforce a final judgment and the common law "action on a judgment." See B.A. Lott,14 So. 2d at 669 (referring to the common law action on a judgment as a "new independent action"); Young, 46 So. 2d at 185 (finding that proceedings supplementary did not constitute an "action on a judgment").

A few years later, in 2001, the Fourth District Court of Appeals in Burshan v. Nat'l Union Fire Ins. Co. of Pittsburg Pa., 805 So. 2d 835 (Fla. 4th DCA 2001) addressed the very same statute of limitations, but came to a converse conclusion. There, the court held that Fla. Stat. § 95.11(2)(a)'s five (5) year statute of limitation did not serve to foreclose an action even where a garnishment writ was issued eleven (11) years after the initial judgment. Burshan, 805 So. 2d at 837 (emphasis added). The Burshan court found that each case should be decided based on its "specific facts" and restated that the "main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action." Id. at 841.

Here, Milliken relies on a line of Florida cases which support the Burshan holding. See B.A. Lott v. Padgett, 14 So. 2d 667, 668-69 (Fla. 1943); Young v. McKenzie, 46 So. 2d 184, 185 (Fla. 1943); Nadd v. Le Credit Lyonnais, S.A. 804 So.2d 1226, 1227 (Fla. 2001); see also In re Goodwin, 325 B.R. 328, (Bankr. M.D.Fla. April 20, 2005). In Padgett, the Florida Supreme Court held that the twenty (20) year statute of limitations period applied to efforts to enforce a federal judgment registered in Florida. Later, in Young, the Florida Supreme Court held that proceedings supplementary " do not constitute 'an action upon a judgment," as the term is used in § 95.11 of the Florida Statutes. Further, in Nadd, the Florida Supreme Court held that the twenty (20) year statute of limitations under § 95.11(1) applied to actions to enforce foreign country money judgments in Florida. The Nadd holding was subsequently extended in In re Goodwin, which found that the reasoning in Nadd applied to judgments domesticated pursuant to the Florida Enforcement of Foreign Judgments Act, Fla. Stat. §§ 55.501 ("FEFJA"), the statute governing the instant case. See Pl.'s Resp. in Opp'n to Def.'s Sum. J. Mot.(noting that the registration proceedings of this case fall under chapter 55 of the Florida Statutes)**[D.E. 68]**.

In 2003, the same question (as it pertains to enforcement of judgments) was presented to the Eleventh Circuit in Buse v. Kuechenberg, 325 F. 3d 1249 (11th Cir. 2003). Despite having certified the issue to the Florida Supreme Court,[4] the 11th Circuit explained that federal reviewing courts may look to "state intermediate appellate court decisions on state law when there are no state supreme court decisions on point." Id. at 1251 (citing McMahan v. Toto, 311 F. 3d 1077, 1080 (11th Cir. 2002). Further, the Buse Court emphasized that courts are not bound to follow prior federal court interpretation of Florida state law where "an intervening Florida decision indicates that [the] earlier appraisal of that state's law is wrong." Id. (emphasis added). Although the Buse opinion was ultimately vacated, due to voluntary dismissal by the parties, it is quite instructive. Following Buse would, at a minimum, require the application of Burshan as it is the most recent intervening intermediate appellate state court decision on the matter.

As previously noted, this Court is bound by the "procedure of the state in which the district court is located" and the state court's interpretation of same. Fed.R.Civ.P. 69. Accordingly, upon careful review of the applicable law and hearing arguments from counsel, the undersigned finds that Fla. Stat. § 95.11(2)(a)'s five (5) year statute of limitations is inapplicable. Consistent with the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Dahua's motion for summary judgment be **DENIED**.

### b. Alter Ego Theory

Dahua also argues that "Milliken is barred from seeking a judgment determining that Dahua is the alter-ego of Weihai Haima." [**D.E. 73**]. In support of its claim, Dahua cites Bell v. Reine, 305

---

[4] As noted *supra*, the question was ultimately left unanswered due to the parties' settlement and subsequent voluntary dismissal.

11

Fed. Appx. 542, 2008 WL 5216012 (C.A. 11 (Fla.)) for the proposition that the five (5) year statute of limitations applies to actions to collect on a judgment under an alter-ego theory. Dahua's argument does not persuade, and is, at its best, an oversimplification.

In Bell, the district court entered an amended final judgment on a jury verdict, on January 13, 1997, against Omni Construction of Mississippi, Inc. ("Omni-Miss"). In that case, plaintiff did not act to collect on the judgment until November 5, 2002 (over five years later) when he filed an emergency motion requesting the district court to "freeze" monies owed to Omni LLC (the alleged alter-ego of Omni-Miss). Later, in 2006, Plaintiff filed a motion for the imposition of alter-ego liability. The action was ultimately found to be time barred pursuant to Fla. Stat. § 95.11(2)(a) on appeal. In its opinion, the 11th Circuit relied almost exclusively on Turner Murphy Co. v. Specialty Constructors, Inc., 659 So. 2d 1242 (Fla. 1st DCA 1995).

In Turner Murphy, plaintiff obtained an initial judgment in South Carolina. Approximately four and a half years later, plaintiff initiated an action by filing a complaint against the alleged alter-ego of the judgment debtor. The trial court granted partial summary judgment against plaintiff, ruling that the suit to collect the underlying judgment from the alleged alter-ego of the judgment debtor was time barred. On appeal, the Court found that the cause of action was indeed governed by Fla. Stat. § 95.11(2)(a)'s five (5) year statute of limitations. However, because plaintiff filed within five (5) years, the summary judgment was reversed.

The Bell court, with little, if any, analysis of its own, cited Turner Murphy for the general proposition that Fla. Stat. § 95.11(2)(a) had been applied to actions to enforce a foreign judgment in Florida against the alleged alter-ego of a judgment debtor. Bell, 305 Fed. Appx. at 543. Without any further discussion of prior and/or conflicting Florida case law, the Bell court held that the

creditor's attempt to impose liability (over five years later) was barred by Fla. Stat. § 95.11 (2)(a). This Court is not persuaded by the limited analysis provided by Bell.

The path of least resistance is, of course, to follow the 11th Circuit's decision in Bell, find that the statute applies, and that the action is time barred. This Court respectfully declines to do so. In this instance, the Court is bound by Florida state law. See Fed.R.Civ.P. 69. Thus, Bell, a limited and unpublished opinion, is at best persuasive, not binding. **[D.E. 73]**; see 11 Cir.R. 36-2, Unpublished Opinions ( "unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority"). In sum, the Bell court, relying solely on Turner Murphy, 659 So.2d 1242 (Fla. 1 DCA 1995), ignored a myriad of well thought out Florida court opinions that interpret these very issues, and to which this Court must defer.

Mainly, Turner Murphy predates the Nadd v. Le Credit Lyonnaise, S.A., 804 So.2d 1226 (Fla. 2001) and Burshan v. National Union Fire Ins. Co. of Pittsburgh, PA., 805 So.2d 835 (Fla. 4th DCA 2001) line of cases, and ignores detailed Florida Supreme Court opinions that hold that the twenty (20) year statute of limitations applies. See B.A. Lott v. Padgett, 14 So.2d 667 (Fla. 1943)(holding that the lien of a United States District Court judgment was effective for twenty years); Young v. McKenzie, 46 So.2d 184 (Fla. 1950)(holding that the life span of an execution is twenty years).

Finally, even if this Court were inclined to follow Bell, there are significant factual differences between Bell and the present case. The main difference is that in Bell, there was an actual motion for imposition of alter-ego liability, clearly making it an "action on a judgment." However, in the instant case, there was no such motion; there was just a Writ of Garnishment. Thus, it is an action to *enforce* a judgment. See Burshan, 805 So.2d at 841 (explaining why a garnishment

proceeding is not an action on a judgment under Florida law).

Having found that Fla. Stat. § 95.11(2)(a)'s five (5) year statute of limitations does not apply, we now briefly turn to the substance of the alter-ego arguments themselves.

Dahua and Milliken have filed their respective Statements of Undisputed Material Facts. See [D.E. 67, 72]. Upon review of both documents, it is clear that Dahua and Milliken disagree, at a minimum on the central issue herein- as to whether the evidence shows that Dahua is the alter-ego of Weihai Haima. Further, Dahua's own citation to Fla. Stat. § 77.16(1), suggests that a jury be impaneled to "determine the right of property between the claimant and plaintiff," and, therefore, goes against a grant of summary judgment. See, Def.'s Summ. J. Mot. [D.E. 54]. Accordingly, because there are genuine issues of material fact in dispute, the undersigned respectfully submits that summary judgment on this issue is improper at this time.

## VI. Conclusion and Recommendation

Based on the foregoing, it is **RESPECTFULLY RECOMMENDED** that Dahua's Motion for Summary Judgment **[D.E. 54]** be **DENIED**. Alternatively, and consistent with this Court's finding *supra*, it is **RESPECTFULLY RECOMMENDED** that the following question be certified to the Supreme Court of Florida:

> Does the statute of limitations contained in Fla. Stat. § 95.11(2)(a) apply to bar the registration of a judgment and issuance of a writ of execution more than five years after the judgment was initially entered?

Pursuant to Local Magistrate Rule 4 (b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable James L. King, United States District Court Judge. Failure to file timely objections shall bar the

parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

      **RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida this 25th day of June 2009.

                                                  */s/*
                                    **WILLIAM C. TURNOFF**
                                    **UNITED STATES MAGISTRATE JUDGE**

cc: Honorable James L. King
    Counsel of Record